## APPLETON MUTUAL FIRE INSURANCE COMPANY *vs.* FRANCIS J JESSER.

It is no defence to an action by a mutual insurance company to collect assessments, to show that it met and chose officers before its charter went into effect, if subsequently to that time persons were found with the consent and under the authority of the designated cor-porators, and without objection on the part of the Commonwealth, actually exercising the corporate powers and claiming and using the franchise.

If, under the by-laws of a mutual insurance company, each person insured is obliged to deposit his written agreement to be liable for an amount equal to the premium, in addi-tion thereto, to be assessed and collected by the directors in such sums and at such times as they shall deem expedient, the same to be denominated the absolute funds of the company, and it is provided in addition that each member of the company shall be held to pay, in case losses should happen to consume the absolute fund, a certain further sum, assessments upon the notes held as absolute funds must be so made as to require pay-ment of an equal proportion of each note held by the company at the time the assess-ment is made; and these absolute funds are to be exhausted before a further assessment can be made under the statute. And assessments not made upon these principles are invalid.

CONTRACT brought in the name of a mutual insurance com-pany, by its receiver, to collect the amount of assessments made upon a holder of seven policies therein.

It was agreed, in the superior court, that the act of incorporation of the company ( *St.* 1853, *c.* 176,) was approved on the 23d of April 1853, and went into effect thirty days thereafter, and that on the 7th of May 1853 a meeting was had, officers chosen and subscription lists prepared, and that on the 20th of May applications for insurance to the amount of $338,027, had been made. These applications requested insurance to commence on the 20th of May, and the policies, though not actually issued till the 1st of June, were issued as of that day. Various proceedings were recited, showing that the company continued to act as a corporation under the charter until the 20th of December 1856, when it was restrained by injunction.

The 8th by-law of the company was as follows:

" Each person shall pay, upon the execution of his policy and before its delivery, the premium thereon, and in addition thereto deposit his written agreement to hold himself liable for an equal amount in the capital stock of the company, to be assessed and collected by the directors, in such sums and at such times as they shall deem expedient. All premiums and deposits thus paid in shall be denominated the absolute funds of the company, and shall be held pledged to pay — 1st, expenses ; 2d, money borrowed ; and 3d, losses, and notes given in payment of losses.

" To place the property insured upon a solid foundation, each member shall be held to pay in case losses should happen so as to consume the absolute fund, at the discretion of the president and directors, during the term of his policy, a sum not exceeding two dollars for each dollar of premium and deposit."

Three assessments were laid upon the notes deposited as absolute funds. The method of making them was, to assess upon all the notes which were in force at the time when a loss occurred, for which the company were liable, a sum sufficient to pay the loss and expenses. The effect of these assessments was in most instances to exhaust and exceed the amount of the deposit notes ; but in some instances to fall short thereof. A fourth assessment was then made by the following vote :

" Voted, that, whereas members of this corporation have just claims against the corporation, founded upon policies issued by

it exceeding the amount of its existing funds, therefore that the following percentage of the deposit notes in force at the respective dates be ordered to be collected, and wherever this percentage, with any previously made, shall exhaust said notes, the remaining portion of said percentage in proportion to the premium and deposit severally is laid and assessed upon the policies themselves, at said dates respectively, apportioning the notes to yearly rates, 'viz: " [then followed a list of nineteen assessments upon deposit notes and policies, to pay nineteen losses, the assessment in each instance being made upon the notes and policies which were in force at the time of the loss specified.]

Various other facts were agreed, upon which questions arose which became immaterial by the decision of the court. Upon the whole case judgment was rendered in the superior court for the defendant, and the plaintiffs appealed to this court.

*W. L. Burt*, for the plaintiffs.

*R. T. Paine Jr.*, for the defendant.

BY THE COURT. 1. The essential quality of a corporation is the power granted by the sovereign to persons designated and described, to act in a corporate capacity. The acts of this corporation before the day when the statute went into effect were wholly void. But when on and after that day persons were found with the consent and under the authority of the designated corporators, and without objection on the part of the sovereign power, actually exercising the corporate powers, and claiming and using the franchise, they constituted a corporation *de facto*; and the lawfulness of their organization cannot be impeached collaterally in an action to recover an assessment.

2. The court are of opinion that the notes were, under the by-laws of this company, absolute funds of the plaintiff corporation. Under the decision in *Long Pond Ins. Co.* v. *Houghton*, 6 Gray, 77, they may be collected at the pleasure of the directors, without reference to any other equality of assessment than that of requiring the payment of an equal proportion of each note held by the company at the time the assessment is made; and these absolute funds are to be exhausted before any assessment

can be made under the statute liability for losses. This results from the terms of the 8th by-law, and gives full effect to its stipulations that the notes shall be the absolute funds of the company, that they shall be collected by assessment, and that they shall be exhausted before any farther assessment is made upon the insured.

The assessments upon these notes, not having been made upon the principles above stated, are of no validity or effect; and the absolute funds not having been exhausted, no assessments for losses could be made on any farther liability.

*Judgment for the defendant.*